UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20421-GAYLES(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,
    a/k/a "Long Niu,"

        **Defendant.**
_____/

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT JIANXIANG SHI'S MOTION TO REVOKE PRE-TRIAL DETENTION ORDER**

The United States of America, by and through the undersigned Assistant United States Attorney, files this response to Defendant Jianxiang Shi's Motion to Revoke his Pre-Trial Detention Order and Request for De Novo Hearing (DE 15). This Court should uphold the District of Nevada Magistrate's pre-trial detention order previously entered in this case because the evidence presented at the defendant's pre-trial detention hearing amply establishes by a preponderance of the evidence that the defendant poses a serious risk of flight and because the defendant's proffered reasons for overturning the Magistrate's considered order are speculative, incorrect, and otherwise do not counter the undisputed facts demonstrating such a risk.

**I.    BACKGROUND**

Shi was charged by Superseding Indictment with two counts of visa fraud, in violation of 18 U.S.C. § 1546(a), on August 19, 2021 (DE 8). The Superseding Indictment alleges that Shi knowingly possessed a fraudulently obtained visa from November 1 through November 2, 2016 and that he knowingly possessed and used a fraudulently obtained visa on November 5, 2016 (*Id.*). Shi was then arrested on October 26, 2021 in Las Vegas, Nevada.

On October 28, 2021, Shi made his initial appearance in the District of Nevada before the Honorable United States Magistrate Judge Cam Ferenbach (DE 11). During that appearance, Shi waived his right to an identity and removal hearing and chose to proceed with a detention hearing in the District of Nevada that same day (*see* Transcript of Initial Appearance and Detention Hearing, Case No. 21-mj-0915-VCF (D. Nev. Oct. 28, 2021), attached hereto as **Exhibit A**). Pre-trial services prepared a report in advance of the hearing that included an interview with the defendant.

During the hearing, the Government moved for pre-trial detention based on a risk of flight. In support of this position, the Government proffered the following facts and arguments: (1) the weight of the evidence that Shi committed visa fraud was strong (Ex. A at 9–11); (2) Shi faces significant collateral consequences for his conduct outside of imprisonment on these charges. Shi is present in the country illegally and there is a pending INTERPOL Red Notice from China against him, meaning that he faces deportation and/or extradition to China (*Id*. at 11:15–19; 13:24–14:6; 14:12–19); (3) Shi is facing not only criminal penalties in this case, but significant potential penalties in other federal criminal investigations against him. The Government proffered facts that Shi was under investigation for securities fraud and that he had knowledge of that investigation (*Id*. at 11: 19–20; 14:7–11); (4) Shi has an extensive history of international travel, considerable wealth, and access to a private jet and offshore accounts, making him especially capable of leaving the jurisdiction and evading probation (*Id*. at 11:21–12:14; 14:20–24; 15:8–13); (5) The offense at issue here, and the related characteristics of the defendant in carrying out that crime, pose a serious risk of flight. Shi has fraudulently obtained many U.S. visas, has passports from China, St. Kitts and Nevis, and the Marshall Islands, and indeed has an entire alternate identity under the name "Long Niu," with citizenship in the Marshall Islands and which he used to enter the United States

in February 2017. In fact, when pre-trial services asked Shi where he currently maintained his citizenship, he replied, "I do not know how to answer that" (*Id*. at 9:23–11:14; 12:17–23; 14:25–15:6; 20:17–21); and (6) he has no ties to the Southern District of Florida (*Id*. at 15:14–20). Summarizing this considerable evidence, the Government argued that Shi "is wanted not just in this case, but in several other cases, including by China, has a powerful, powerful incentive to flee, and has the means to do so, and has shown that he will use multiple identities to do so" (*Id*. at 20:23–21:2).

In response, defense counsel made four arguments in favor of a bond. First, Shi argued that one of his pseudonyms, Morgan Shi, was used for convenience and not for a deceptive purpose (Ex. A at 15:24–16:6). Second, Shi's use of different names on passports relates to a name change he made for cultural reasons (*Id.* at 16:7–21). Third, Shi had strong ties to Nevada and to the United States generally (*Id.* at 19:9–19). And fourth, this case did not carry a statutory presumption (*Id.* at 19:20–20:5).

In ruling in favor of pre-trial detention, the magistrate first cited each of the factors listed in 18 U.S.C. § 3142(g) and stated that he was considering the first three—the nature and circumstances of the offense, weight of the evidence, and history and characteristics of the defendant (Shi was not previously subject to terms of release and the Government did not move for detention based on danger to the community) (Ex. A at 21). The Court then stated, "The evidence, you know, appears strong, but that's the least important factor and, you know, the defense has some arguments there. And, of course, the defendant is presumed innocent at this stage of the proceeding" (*Id.* at 21:21–25). The Magistrate then moved to the core basis for his ruling:

> Employment is not clear at all to me, although it certainly is clear, I think undisputed, that the defendant is extremely wealthy. He has offshore accounts. That's not rebutted. He is involved in international travel to an exten[t] -- and it's

>reported and unrebutted that he uses chartered aircraft to do that. And, given the nature of the charges, I think the government has a very strong argument, a strong case here that the defendant has an incentive to flee, and the means to flee. So, under [section] 3142(f)(2)(a), I find there's a serious risk that Mr. Shi is a serious risk that he will flee. Accordingly, defendant -- I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. He is ordered detained and transported to the Southern District of Florida for further proceedings. He's detained pending trial.

(Id. at 22:10–23:3). In his pre-trial detention order, the Magistrate again indicated that his reasons for detention included the weight of the evidence, the defendant's unclear employment status, the fact that the defendant is extremely wealthy and has offshore accounts, and his finding that the defendant has the incentive and means to flee (DE 11:4–5).

Shi is currently pending transport to the Southern District of Florida. After the Government moved to unseal the Indictment, Shi filed this Motion seeking to revoke the Magistrate's pre-trial detention order.

## II. ANALYSIS

### A. Standard of Review

The Bail Reform Act provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order" and the Court should rule on the motion "promptly." 18 U.S.C. § 3145(b). Upon a motion pursuant to § 3145(b), the district court must conduct an independent, *de novo* review to determine whether pretrial detention is appropriate. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). The Court shall order the defendant detained pending trial if it determines that there is "a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). Such a "serious risk" must be proven only by a preponderance of the evidence. *United States v. King*, 849 F.2d 485, 488–89

(11th Cir. 1988). A reviewing court must take into consideration the factors set forth in § 3142(g), that is, the nature and circumstances of the offense, weight of the evidence, the history and characteristics of the defendant, and the danger to the community were the defendant released on bond. 18 U.S.C. § 3142(g). Importantly, when a district court undertakes its review of a magistrate's order of detention, it need only "exercise independent consideration of all facts properly before it," and may do so without a hearing. *King*, 849 F.2d at 490.

> **B.** **The Record Strongly Establishes Shi's Risk Flight by a Preponderance of the Evidence**

Shi's Motion attacks certain aspects of his detention hearing in the District of Nevada but does little to contest the overwhelming evidence supporting the Magistrate's order. The mostly unrebutted evidence presented at Shi's contested detention hearing makes abundantly clear that Shi poses a serious risk of flight. Indeed, Shi has motive, opportunity, and means to flee from the Court's jurisdiction and evade detection.

First, the Government proffered evidence that Shi faces commanding evidence of his guilt in this visa fraud prosecution and that besides imprisonment, he faces a myriad of collateral consequences following a conviction. Even setting aside other potential U.S. prosecutions, Shi's immigration status as an alien unlawfully present in the United States who entered the country with a fake name and a fraudulent visa makes him subject to Immigrations and Custom Enforcement action and deportation. And the fact of his other status as an international fugitive means he could face extradition to a country without democratic freedoms or due process, as well. Shi does not contest these facts or attempt to dilute their meaning, other than to insist that he is well-established in Las Vegas with no plans to leave. But the risk here is flight from the jurisdiction, whether within or outside the United States. Shi has a powerful incentive to do so in

both ways—to abscond within the United States to avoid deportation outside of it *and* to flee the country entirely to a safe haven to avoid prison time and possible removal to Chinese authorities.

Second, Shi pairs his motive with a personal adeptness at accomplishing his flight from prosecution. As detailed in the Government's proffer, Shi accomplished the offenses charged in the Superseding Indictment using two fraudulently obtained U.S. visas, and he completed the offense by possessing and using them in multiple passports used in three international flights into and out of the United States within a week. Moreover, Shi undertook these actions with the aid of passports from three different countries in two different names and an alter ego that he hid from the U.S. State Department. During the hearing, Shi's attorney acknowledged the existence of this alternative name and did not dispute the existence of Shi's multiple travel documents and citizenships.

Third, as the Magistrate explicitly noted and relied upon in his ruling, Shi also has the means to accomplish a flight from prosecution. Shi is a man of considerable wealth, with access to offshore accounts and private aircraft. He also has an extensive history of international travel and legal status in both St. Kitts and the Marshall Islands. Again, these facts went uncontested in the District of Nevada and are not disputed in Shi's Motion in this district.

Taking the totality of this evidence together, it is no wonder the Magistrate ordered Shi's pretrial detention. Each of the reasons offered above demonstrate why this Court cannot fashion a bond that could reasonably assure Shi's appearance crossing the preponderance threshold for detention. Given these circumstances, this Court should deny Shi's Motion because a *de novo* assessment of the record establishes by a preponderance of the evidence that Shi poses a strong risk of flight.

### C. Shi's Argument Regarding the Seriousness of the Offense Does Not Disturb the Compelling Basis for Pre-Trial Detention Here

Shi first argues that the Court should revoke the Magistrate's considered decision because he did not adequately consider the nature and seriousness of the offense charged in this case. Specifically, Shi contends that he faces a 0-6 months' guidelines sentence and for that reason should not receive pre-trial detention. The Court should reject this argument for two reasons. First, because Shi's assessment of his potential sentence is unsupported and likely incorrect, and second, because regardless, the Magistrate considered this factor and nonetheless correctly found that the evidence taken together supports detention.

In support of his 0-6 guidelines calculation, Shi cites U.S.S.G. § 2L2.2 and waves away the possibility of enhancements applying. However, § 2L2.1 may also apply to these circumstances, with a base level offense of 11. Furthermore, Shi is eligible for the passport enhancement under § 2L2.2(b)(3) or § 2L2.1(b)(5), and other enhancements may apply as well, such as those for obtaining the fraudulent documents to facilitate another felony offense. Under these circumstances, Shi could face a guideline sentence of 1-3 years imprisonment, and the maximum penalty for visa fraud is up to 10 years' imprisonment.

Regardless, though, the length of time a defendant may spend in prison is just one component of the nature and seriousness of the offense factor, which itself is merely one of several factors for determining whether the Government has established a risk of flight by the preponderance of the evidence. As explained above, the length of a potential prison sentence in this case is not Shi's only, or even primary, motive to flee. Rather, he faces potential deportation, extradition, and additional federal prosecution, providing him with an extraordinary incentive to

escape. Besides, the defendant's repeated, sophisticated abuse of the U.S. immigration system is a serious offense in its own right.

> **D.     Shi's Objections to the Government's Arguments Concerning Other Investigations and Reports Are Speculative, Incorrect, and Misunderstand the Basis for Pre-Trial Detention**

The remainder of Shi's Motion is devoted to the arguments that, in his view, the Government should not have made. Importantly, even if Shi were correct, those arguments do not erode the strong basis for detention here. The Government has proffered evidence demonstrating a strong risk of flight, and so even if the Court were to find that one or more of the bases it proffered before the District of Nevada magistrate were insignificant, such a finding would have no basis to revoke the Magistrate's order.

Still, Shi's arguments about impropriety are speculative, incorrect, and misunderstand the import of certain Government arguments for detention. Shi first claims that the Government's citation of Shi's pending Red Notice from China actually supports pretrial release because it shows Shi would do anything to avoid fleeing to China. That argument ignores Shi's several other national passports and citizenships, and the resources he could use to go anywhere else in the world. Shi could face deportation or extradition from the United States as a result of his arrest that could land him in Chinese custody for his pending charges there, and he has plenty of other options besides China for his destination.

Second, Shi argues that the Government's reference to a Wall Street Journal article about him at the detention hearing for the purpose of establishing his connections, wealth, and potential criminal liability somehow open the door to other news articles that weren't introduced in rebuttal at his hearing. Shi argues that these articles establish that China's legal system lacks due process or fairness protections, and so Shi would not want to flee and be extradited to China. The

Government does not dispute these assertions, but again, Shi ignores the obvious point that he could escape detection with his means and methods and flee somewhere else to avoid both U.S. and Chinese criminal prosecution.

Finally, Shi engages in unfounded speculation by suggesting that the Government's reference to an ongoing securities fraud investigation against him means the Government has a bad faith basis for pursuing this prosecution. Shi offers absolutely no evidence to support this claim. The Government has charged Mr. Shi with visa fraud because he committed that offense and because the Government can prove that he did so beyond a reasonable doubt.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant Jianxiang Shi's Motion to Revoke his Pre-Trial Detention Order on the papers and deny his request for a *de novo* hearing.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s/ *Will J. Rosenzweig*
      Will J. Rosenzweig
      Assistant United States Attorney
      U.S. Attorney's Office – SDFL
      Court ID No. A5502698
      99 NE 4th Street, 6th Floor
      Miami, Florida 33132
      Tel: (305) 961-9403
      Fax: (305) 530-7976
      Email: Will.Rosenzweig@usdoj.gov