UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,
    a/k/a LONG NIU,

    Defendant.
_____/

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAKE VIDEO DEPOSITIONS OUTSIDE OF THE COUNTRY**

Defendant Jianxiang Shi ("Shi") claims he must take a video deposition of the woman he listed as his wife and travel companion to the United States on a 2016 visa application because she is now "not willing to leave the country of Canada" to testify at her husband's federal criminal trial. Shi similarly claims he must take a video deposition of a second witness who lives in Singapore about the preparation of his false visa applications, despite the fact that Shi never listed this witness as a visa preparer on his visa applications on the line that provided him with the opportunity to do so. The Court should deny Shi's Motion to Take Depositions Outside the Country Pursuant to Federal Rule of Criminal Procedure 15 (the "Motion") because Shi has failed to establish that (1) these two witnesses are truly unavailable, (2) their proffered testimony is material to his defense at trial, (3) or that the requested relief can be accomplished in a fair and timely manner.

**I.    RELEVANT FACTS**

    **A.    The Offense**

In 2014 and then again in 2016, Shi completed and submitted an Online Nonimmigrant Visa Application DS-160 form to the United States Department of State, Bureau of Consular

Affairs in order to travel to the United States. Both applications resulted in the issuance of a valid B1/B2 visa to Shi allowing him entry into the United States for the dual purposes of business and tourism (the "2014 Visa" and the "2016 Visa"). On the first of these applications submitted on August 6, 2014 (the "2014 Visa Application"), Shi stated that he did not have any "other names used" and that he had no other nationalities besides the Chinese nationality that he listed. On the second application submitted on September 12, 2016 (the "2016 Visa Application"), Shi again stated that he did not have any "other names used." This time, however, he recorded his nationality as "St. Kitts and Nevis," and while listing "China" as another nationality he held, certified that he did not hold a Chinese passport. When submitting the DS-160 Application, Shi read and acknowledged that he was electronically signing the document himself, that he read and understood all questions in the application, and that he agreed the answers were true and correct under penalty of perjury.

    These statements were lies. Shi did go by another name—the name "Long Niu," which he used to obtain citizenship and a passport from the Marshall Islands. And Shi did hold other nationalities and passports than the ones he disclosed on those two visa applications—he was a citizen of China, St. Kitts and Nevis, and the Marshall Islands and held passports from each country. The 2014 Visa Application failed to disclose his St. Kitts and Nevis nationality and used a Chinese passport to obtain entry, while the 2016 Visa Application acknowledged the existence of his earlier St. Kitts coverup but falsely denied possessing a Chinese passport. Both applications falsely omitted his Long Niu alternate identity and Marshall Islands nationality.

    Shi then used his fraudulently obtained visas to enter the United States. On November 1, 2016, Shi flew from Vancouver to Houston using his Chinese passport with the 2014 Visa affixed inside before catching a connecting flight to Miami. On November 2, 2016, Shi flew from Miami

to St. Kitts using that same passport. Then, on November 5, 2016, Shi returned from St. Kitts to Miami by plane, this time using his St. Kitts and Nevis passport with the 2016 Visa affixed inside.

      **B.**      **Defendant's Motion and the Proposed Deponents**

On August 19, 2021, a grand jury indicted Shi on two counts of visa fraud in violation of 18 U.S.C. § 1546(a). Count 1 charges Shi with possessing the fraudulently obtained 2014 Visa from November 1 through November 2, 2016. Count 2 charges Shi with possessing and using the fraudulently obtained 2016 visa to enter the country on November 5, 2016.

On May 4, 2022, Shi filed the Motion to take the video depositions of two witnesses outside of the United States—Mindy Wang and Qian Hou. Shi's Motion states that Ms. Wang lives in Ontario, Canada and Ms. Hou lives in Singapore and that both witnesses are willing to testify by zoom at a deposition but not willing to "leave the country" in which they live. Regarding the nature of these witness's testimony, the Motion provides nothing more than the averment that they "have personal knowledge as to how the Visa applications in issue were prepared." Shi attached no affidavits from these witnesses to the Motion, nor did he provide further information regarding the location of the witnesses, the proposed logistics of the deposition, the procedures under which it would be conducted, or the timing for its completion.

Although Shi states that the proposed witnesses "have personal knowledge as to how the Visa applications in issue were prepared," neither individual is listed as a preparer on those documents. Indeed, Shi stated in the 2014 Visa Application that he did not use a preparer to complete the application, and he listed an individual named "Lucy Wu" and no one else as assisting him with preparing the 2016 Visa Application. However, Shi does identify Mindy Wang in the 2016 Visa Application—as his spouse and travel companion.

3

This case is set for trial during the two-week period beginning on June 21, 2022, in Miami, Florida.

## II.     LEGAL ANALYSIS

Shi's Motion seeks to take the video depositions of two witnesses who are outside the United States without providing a factual basis supporting either their unavailability, a proffer of their knowledge of facts material to the case at issue, or an explanation of the circumstances justifying them. The Motion should be denied for several reasons. First, Shi has not met his burden to show the unavailability of the witnesses. Second, Shi has failed to establish that their testimony is material to the facts at issue in this case. And third, even if he had done the above, Shi's Motion provides no basis for the use of video rather than in-person depositions or any explication on the logistics of his request and how they could ensure a fair trial under the circumstances. Thus, Shi does not approach establishing extraordinary circumstances justifying his use of this disfavored procedure.

### A.     Legal Standard

Ordinarily, depositions are not permitted in criminal cases. *United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987), *cert. denied*, 486 U.S. 1054 (1988). "In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect…" *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (citing *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988). Rule 15 provides a limited exception for the sole purpose of "preserv[ing] testimony for trial" and only under "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "Such circumstances exist when (1) the witnesses are unavailable to testify at trial, (2) their testimony is material, and (3) countervailing factors do not 'render taking the depositions unjust to the nonmoving party." *United*

*States v. Khan*, 794 F.3d 1288, 1306 (11th Cir. 2015) (quoting *United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir. 1995)). As the movant, Shi bears the burden of "showing that exceptional circumstances exist to warrant the deposition[.]" *United States v. Thomas*, 62 F.3d 1332, 1340 (11th Cir. 1995).

    **B.**    **Shi Has Not Established That The Witnesses Are Substantially Unlikely To Be Available At Trial**

The Court should first deny the Motion on the ground that Shi has not established that Ms. Wang or Ms. Hou are unavailable to testify at trial. The party seeking a deposition must establish that a witness is "substantially unlikely" to be available to testify at trial to obtain their deposition. *Drogoul*, 1 F.3d at 1553. To do, he "may demonstrate the probable unavailability of a prospective deponent 'through affidavits or otherwise.'" *Id*. (citing *Alvarez*, 837 F.2d at 1029). Here, Shi has made no showing as to unavailability. His Motion simply states that neither Ms. Qian nor Ms. Wang are willing to leave their respective countries, whether for trial or any other purpose is left unclear (as is the question of why they are unwilling to leave their countries). The Motion does not attach any affidavits from these witnesses or provide any explanation as to why or whether they cannot testify in person. These barebones assertions are insufficient to establish a substantial likelihood of unavailability. Moreover, although Shi bears the burden on this issue, the fact that Ms. Wang was married to Shi and traveled with him to the United States in 2016 according to Shi's own representations on the 2016 Visa Application raises a further question as to why she cannot testify in person in this matter. Finally, open records searches reveal Shi to be a businessman of substantial income who has travelled the world extensively, and, as a practical

matter, he seems quite able to fund the travel of these witnesses to the United States, especially in the case of his wife who could travel easily by plane to Miami from Toronto to testify.[1]

      **C.     Shi Has Made No Showing That The Proffered Testimony Is Material To His Defense**

The Court should independently deny the Motion because it fails to establish that the proposed deponents' testimony is material to Shi's defense. To obtain a deposition, the moving party must provide the court with "a sufficient proffer that the depositions could have provided testimony that would have been material to their defense." *United States v. Thomas*, 62 F.3d at 1341. In *Ramos*, the Eleventh Circuit explained that "[s]uch a proffer may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded." *Ramos*, 45 F.3d at 1523. The *Thomas* court, in evaluating the strength of the defendants' proffer, found denial proper where it would only be "marginally more probative on the issue of their intent" than the evidence available at trial.

Here, Shi fails to meet the materiality standard for two reasons. First, he has provided no evidence or explanation of what the proffered testimony would be or why it is important to his case. Shi's Motion does not attach affidavits from the prospective witnesses about what they will say, nor does he provide any explanation for why their testimony is important. Instead, the Court is left to evaluate only Shi's assurances that the witnesses "have personal knowledge as to how the Visa applications in issue were prepared." Left unsaid is whether that information explains the key

---

[1] For example, according to Kayak.com, a flight from Toronto to Miami the week of June 21, 2022 costs approximately $311 on American Airlines. There also appear to be flights from Singapore to Miami for less than $2,000 during this week.

falsehoods in that paperwork, negates Shi's intent in making them, or in any way challenges the Government's view of the evidence—in short, whether it is material.

Second, "the Visa applications in issue" contradict the contention that the proposed witnesses had anything to do with their preparation. The 2014 Visa Application certifies that no preparer assisted Shi in its completion. The 2016 Visa Application, on the other hand, has a listed preparer of Lucy Wu, rather than either of the proposed witnesses. The available evidence thus suggests that the witnesses do not have anything material to say about the charged conduct. For these reasons, Shi has failed to meet his burden of establishing that the testimony he seeks to obtain from depositions is material to his defense.

### D. Countervailing Factors Suggest That Taking The Proposed Depositions Would Be Unjust

Finally, the Court should deny the Motion because even apart from Shi's failure to proffer facts establishing unavailability and materiality, countervailing factors make his requested relief unjust and undermine the prospects for a fair trial. The list of issues concerning the logistics and timing of the proposed depositions that the Motion fails to address is long and concerning, raising significant questions as to whether they can be administered fairly and without prejudicing the Government. First, the manner of the proposed depositions—*i.e.* by video even though Rule 15 contemplates that they be "taken and filed in the same manner as a deposition in a civil action" and conducted in person. Fed. R. Crim. P. 15(e)(2); *see United States v. Khan*, 2012 U.S. Dist. LEXIS 188320, at *10 (S.D. Fla. Nov. 2, 2012) (allowing video depositions where the deponents were in Pakistan and where extraordinary safety concerns existed but stating that "[a]ll things being equal, the Court would prefer that both government and defense attorneys be able to travel to the deposition room."). The Government has significant concerns about the fairness of holding

these depositions by video, not an ideal format to conduct a cross-examination of a witness let alone a cross-examination of a witness through a translator, and the Court has no record on which to evaluate why they cannot be conducted in person.

Second, the timing of the proposed depositions does not weigh in Shi's favor. Both case law and the advisory committee's notes to Rule 15 make clear that "both the moving party's diligence and the timing of the prospective depositions are relevant considerations to be weighed under Rule 15(a)." *Drogoul*, 1 F.3d at 1556. We are now five weeks from trial and the defense has not explained how it can accomplish these depositions and the resulting litigation over their admissibility in a manner that will allow full and fair participation by both sides and conclude in time for trial.

Third, reliability and safety. What are the means of obtaining testimony under penalty of perjury in Singapore? Where specifically within Ontario and Singapore do the witnesses live and how easy and safe is it to reach them? If the Court ultimately orders in-person depositions, how can travel be conducted safely in a time of COVID-19? How will the jury adequately assess the witness's demeanor through video technology? These are some of the many questions left unanswered by the Motion.

For all these reasons, the Court should deny the Motion. Shi has come woefully short of establishing extraordinary circumstances in favor of granting the proposed depositions.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Shi's Motion to Take Depositions Outside the Country.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Will J. Rosenzweig*
Will J. Rosenzweig
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502698
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9403
Email: Will.Rosenzweig@usdoj.gov