UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| JIANXIANG SHI, | ) |
|     a/k/a "Long Niu," | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT JIANXIANG SHI'S RESPONSE
IN OPPOSITION TO THE MOTION OF THE UNITED STATES
TO INTRODUCE EVIDENCE OF OTHER WRONGS UNDER
RULE 404(b) INCLUDING SUBSEQUENT TRAVEL AND
THE SUBSEQUENT ISSUANCE OF AN INTERPOL RED NOTICE**

    The United States has filed a motion in limine that seeks to introduce into evidence other alleged wrongful acts that occurred subsequent to the dates of the two alleged crimes set forth in the superseding indictment. Defendant Jianxiang Shi hereby files his response in opposition to the motion in limine and requests that this Honorable Court deny the government's motion and order the United States not to present said evidence during the trial in this case. In support of his position Mr. Shi states the following:

    **I.**    **Relevant Facts**

1. Defendant Shi was indicted on August 6, 2021.

2. On August 20, 2021 a superseding indictment was filed. The superseding indictment

is comprised of two counts.

3. Count one charges that on or about November 1, 2016, Mr. Shi was in possession of a visa obtained by fraud in violation of 18 U.S.C. Section 1546(a).  The fraud is alleged to have occurred when Mr. Shi submitted an application for a United States' visa on August 6, 2014 which, the United States alleges, contained material false statements.

4. Count two charges that on or about November 5, 2016, Mr. Shi was in possession of a visa obtained by fraud in violation of 18 U.S.C. Section 1546(a).  The fraud is alleged to have occurred when Mr. Shi submitted an application for a United States visa on or about September 12, 2016 which, the United States alleges, contained material false statements.

5.  On or about October 26, 2021, Defendant Shi was arrested and ordered held in pretrial custody.

## II.  ARGUMENT

The Government states that it seeks to admit evidence of Mr. Shi's "post-offense" travel to the United States as well as China's Interpol Red Notice. [DOC #38] The government asserts that Mr. Shi submitted an application form for a B1/B2 visa to travel to the United States using a Hong Kong passport on August 6, 2014 that contained certain material false statements. This is the basis of Count One of the superseding indictment.

The Government also asserts Mr. Shi submitted an application form for a B1/B2 visa to travel to the United States using a St. Kitts and Neves passport on September 12,

2016 that contained certain material false statements. This is the basis of Count Two of the superseding indictment.

The Government alleges that Mr. Shi entered the United States on November 1, 2016 using the visa he applied for using a Hong Kong passport on August 6, 2014. The Government asserts that Mr. Shi entered the United States on November 5, 2016 using the visa he applied for using a St. Kitts and Neves passport on September 12, 2016.

During the period of time commencing in 2006 through 2016, Mr. Shi traveled to the United States on approximately ten occasions. A copy of five of the visa applications submitted by Mr. Shi are available. The copies are applications for visas submitted on the following dates:

1. September 19, 2011;
2. September 26, 2012;
3. November 22, 2013;
4. August 6, 2014; and
5. September 12, 2016.

Each of these online visa applications (Form DS-160) contained the following question and answer:  "Other Names Used:  NO"  Each of the online visa applications (Form DS-160) also contained the following question and answer:

> "Do you hold or have you held any nationality other than the one indicated above of nationality?  NO."

The Government asserts that Mr. Shi has held a passport from the Republic of the Marshall Islands since 1996. The name on the passport is Long Niu. The sir name "Niu" is Mr. Shi's mother's maiden name. Mr. Shi never used the Marshall Islands' passport until February 16, 2017. At that time, Mr. Shi traveled from South Korea to Las Vegas, Nevada using the Marshall Islands' passport.  No visa is required to travel to the United States on a Marshall Islands' passport.  Mr. Shi is not charged with any visa fraud regarding his trip to the United States on February 16, 2017.

Mr. Shi renewed his Marshall Islands' passport on December 1, 2016. On January 9, 2017 the Chinese government caused Mr. Shi's name to be issued an Interpol Red Notice. As stated above, Mr. Shi used the Marshall Islands' passport to travel to the United States on February 16, 2017.

The United States seeks to introduce the Interpol Red Notice and the trips Mr. Shi made **after** the conduct charged in the superseding indictment.  These trips were not made with the visa obtained with the Hong Kong passport in August 2014 and the trips were not made with the visa obtained with the St. Kitts and Neves passport in September 2016.

Mr. Shi objects to the introduction of the Interpol Red Notice as it is highly prejudicial and has little to no relevance to the charges contained in the superseding indictment.  The date of the alleged crimes are the dates that the two online visa application forms were electronically submitted containing alleged material false statements. See, *United States v. Sansone,* 380 U.S. 343 (1965); wherein the Court found that evidence of the filing of tax returns after the due date was properly excluded because the crime was

completed when the defendant willfully failed to file the tax returns on the due date. Accordingly, in failure to file prosecutions, courts exclude evidence that the defendant subsequently filed delinquent returns as irrelevant to the issue of willfulness. See, *United States v. Houser*, 754 F.3d 1335, 1351 (11th Cir. 2014); *United States v. Sawyer,* 607 F. 2d 1190 (7th Cir. 1979); *United States v. Ross,* 626 F. 2d 77 (9th Cir. 1980); and *United States v. Ming*, 466 F.2d 1000 (7th Cir. 1972). The Eleventh Circuit Pattern Jury Instructions state that the word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty.

The Government argues that the information is probative of Mr. Shi's state of mind, knowledge, and intent when he submitted the visa application on August 6, 2014 and the visa application on September 12, 2016. This argument is without merit. The Red Notice and Mr. Shi's conduct in 2017 have virtually no relevance to Mr. Shi's state of mind, knowledge and intent on August 6, 2014 and September 12, 2016. This argument that subsequent conduct is relevant to the state of mind of the defendant on the date of the alleged crime has been rejected by the Courts as shown by the cases cited herein above. Further, the Courts have held in cases charging the defendant with filing a false tax return that the defendant's later filing of an amended correct tax return is irrelevant because the critical element of the offense is the defendant's state of mind and intent at the time the defendant filed the fraudulent return, not some later date.

In addition, it should be noted that the answer to the two questions on the applications submitted on August 6, 2014 and September 12, 2016 are the same as the

answers for the same two questions found on the online visa applications submitted on September 19, 2011; September 26, 2012; and November 22, 2013.  There is no evidence that Mr. Shi had any problems whatsoever with the government of China during these years.  The Red Notice and Mr. Shi's travel commencing December 2016 is simply not relevant to his state of mind on August 6, 2014 and September 12, 2016. It is not relevant to Mr. Shi's state of mind on November 1, 2016 or November 5, 2016.  On August 6, 2014, Mr. Shi did not know that the Chinese government would cause an Interpol Red Notice to be posted against him and he did not know what travel he would do in December 2016, 2017 or thereafter.  The Government seemingly argues that Mr. Shi could see into the future. However, Mr. Shi is not a clairvoyant.

The information concerning the Interpol Red Notice issued on January 9, 2017 and Mr. Shi's travels commencing December 2016 through 2017 is not only extremely prejudicial, it is also repetitive and redundant. As discussed above, the Government has no fewer than 5 online visa applications relating to Mr. Shi traveling to the United States. These applications were submitted in 2011, 2012, 2013, 2014, and 2016. The United States fails to focus on the relevant issues in this case.  Mr. Shi does not speak, read, or write any English.  The online visa applications are in English.  Mr. Shi had someone prepare the applications. These are the real issues presented in the instant case.

In summary, the probative value of the events that occurred in December 2016 or thereafter is greatly outweighed by the prejudice and confusion these matters will cause.  The Government's motion in limine for leave to introduce evidence of subsequent travel

and the Interpol Red Notice as other wrongful acts under Rule 404(b) should be denied.

Date: June 14, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*David M. Garvin*
　　　　　　　　　　　　　　　　　　　David M. Garvin
　　　　　　　　　　　　　　　　　　　Florida Bar No. 347736
　　　　　　　　　　　　　　　　　　　Email: ontrial2@gmail.com
　　　　　　　　　　　　　　　　　　　David M. Garvin, P.A.,
　　　　　　　　　　　　　　　　　　　2333 Ponce De Leon Boulevard, Suite 314
　　　　　　　　　　　　　　　　　　　Miami, Florida 33134
　　　　　　　　　　　　　　　　　　　Telephone No. (305) 371-8101
　　　　　　　　　　　　　　　　　　　Attorneys for Jianxiang Shi


　　　　　　　　　　　　　　　　　　　*Edi M.O. Faal*
　　　　　　　　　　　　　　　　　　　Edi M.O. Faal
　　　　　　　　　　　　　　　　　　　Pro Hac Vice
　　　　　　　　　　　　　　　　　　　One Wilshire Blvd.
　　　　　　　　　　　　　　　　　　　Suite 2200
　　　　　　　　　　　　　　　　　　　Las Angeles, California
　　　　　　　　　　　　　　　　　　　Tel: 213-447-3699
　　　　　　　　　　　　　　　　　　　Email: edifaalesq@gmail.com


## Certificate of Service

I hereby certify that on the 14th day of June, 2022, I electronically filed the foregoing response with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　*David M. Garvin*
　　　　　　　　　　　　　　　　　　　David M. Garvin