UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,
    a/k/a LONG NIU,

    Defendant.
    _____/

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAKE VIDEO DEPOSITION OF YUANDONG FAN**

    Five weeks after Defendant Jianxiang Shi ("Shi") moved this Court to take video depositions of two alleged witnesses with dubious stories of how they and others, but not the defendant, prepared the fraudulent visas at issue in this case, he is back with another such request on the eve of trial for an alleged witness halfway across the world with an alleged memory of a car ride from eight years ago with no bearing on the charges here. The Court should deny Shi's Motion to Take the Video Deposition of Yuandong Fan Pursuant to Federal Rule of Criminal Procedure 15 (the "Motion") for the same reasons as it should deny the first one—the barebones affidavit accompanying the Motion fails to establish that (1) Mr. Fan's proffered testimony is material to his defense at trial, or (2) that his deposition can be accomplished in a fair and timely manner. Indeed, the Motion particularly fails in these respects because Mr. Fan's proffered testimony is irrelevant to Shi's own stated defense and because the logistics of addressing this latest round of depositional whack-a-mole at this late stage prejudices the Government.

I.      **RELEVANT FACTS**

    A.      **The Offense**

The facts relevant to this Motion are set forth in the Government's Response to Shi's first motion for depositions (DE 35) and are therefore only briefly summarized here. In short, the Government alleges that Shi fraudulently obtained U.S. nonimmigrant visas in 2014 and 2016 by falsely certifying that he did have any other names or nationalities and then possessed and used those visas to travel to the United States in early November 2016. The Government also intends to show that Shi knew those representations were false because he had actively maintained travel documents under the alternate identity and nationality of Marshall Islands citizen and passport holder, "Long Niu," at the time of those visa applications, and because just three months after the travel charged in the Superseding Indictment, Shi flew to the United States under that identity.

    B.      **Defendant's Motion and the Proposed Deponent**

On August 19, 2021, a grand jury indicted Shi on two counts of visa fraud in violation of 18 U.S.C. § 1546(a). Count 1 charges Shi with possessing the fraudulently obtained 2014 Visa from November 1 through November 2, 2016. Count 2 charges Shi with possessing and using the fraudulently obtained 2016 visa to enter the country on November 5, 2016. Shi was arrested on October 26, 2021.

Six months later, on May 4, 2022, Shi filed a Motion to take the video depositions of two witnesses outside of the United States—Mindy Wang and Qian Hou—whom he claims assisted him in preparing the visa applications at issue. In his Reply Brief in support of that Motion (DE 36), Shi agreed that the 2014 visa application "was prepared and submitted on August 13, 2014" and that the "application was prepared online on a computer and was submitted to the United States electronically" (DE 36:2). He claimed that Qian Hou prepared that visa application in Guanzhou,

China, even though she is not the listed preparer on the application and although he claims she does not speak English well enough to conduct her deposition in that language (DE 36:3; DE 32 ¶ 13; DE 36:3).

Now, five weeks after that first motion for depositions, Shi seeks to take the video deposition of Yuandong Fan of Shanghai, China based on a two-page affidavit, where Fan claims he was Shi's personal driver in 2014 and apparently has a clear memory of driving Shi to the Shanghai airport on August 12, 2014, the very date the 2014 visa application was submitted. Shi appears to believe that Fan can corroborate his theory that Ms. Hou prepared that application, since the 2014 visa application states that it was submitted from Guanzhou, not Shanghai. Notably, though, nowhere in these Motions does Shi deny the authenticity of the visa applications or the fact that they contain the statements the Government alleges were false. Indeed, Shi conceded as much in his response to the Government's Motion *in Limine*:

> [T]he Government has no fewer than 5 online visa applications relating to Mr. Shi traveling to the United States. These applications were submitted in 2011, 2012, 2013, 2014, and 2016. The United States fails to focus on the relevant issues in this case. Mr. Shi does not speak, read, or write any English. The online visa applications are in English. Mr. Shi had someone prepare the applications. These are the real issues presented in the instant case.

(DE 41:6). And indeed, Shi's counsel has produced trial exhibits to the Government which include these five online visa applications, including the 2014 visa application that Shi signed and certified under penalty of perjury was submitted directly by him without a preparer. This case is specially set for trial on August 2, 2022, in Miami, Florida.

II.  **LEGAL ANALYSIS**

Shi's Motion should be denied for several reasons. First, Shi has failed to establish that Mr. Fan's testimony is material to the facts at issue in this case. Indeed, if Ms. Hou testifies, Mr. Fan's

3

testimony is at best entirely duplicative and at worst irrelevant or of such minimal probative value as to be outweighed by the potential for confusion. And if Ms. Hou does not testify, then his story about driving Shi to the airport is both irrelevant and contrary to the defense theory that the visa applications are authentic. Second, allowing yet another deposition of a witness with significant credibility issues by video would be deeply unfair to the Government, and forcing the Government to travel to Shanghai for a deposition to preserve such, at best, minimally probative evidence on the eve of trial would also be unfair. Indeed, the immateriality and credibility issues of the proposed witness are directly relevant to the prejudice the Government would suffer. Allowing this deposition would permit Mr. Fan to testify without threat of the penalty of perjury and without having a jury consider his credibility in person. Thus, Shi does not approach establishing extraordinary circumstances justifying his use of this disfavored procedure.

### A.   Legal Standard

Ordinarily, depositions are not permitted in criminal cases. *United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987), *cert. denied*, 486 U.S. 1054 (1988). "In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect…" *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (citing *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988). Rule 15 provides a limited exception for the sole purpose of "preserv[ing] testimony for trial" and only under "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "Such circumstances exist when (1) the witnesses are unavailable to testify at trial,[1] (2) their testimony is material, and (3)

---

[1] The Government does not contest that Mr. Fan is unavailable for trial given his visa issues and the approaching trial date. However, the Court should consider the fact that the Defendant's late Motion made the circumstances under which that unavailability was allowed to occur. The Government continues to maintain that Ms. Hou and Ms. Wang have not made that showing.

countervailing factors do not 'render taking the depositions unjust to the nonmoving party.'" *United States v. Khan*, 794 F.3d 1288, 1306 (11th Cir. 2015) (quoting *United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir. 1995)). As the movant, Shi bears the burden of "showing that exceptional circumstances exist to warrant the deposition[.]" *United States v. Thomas*, 62 F.3d 1332, 1340 (11th Cir. 1995).

**B. Shi Has Made No Showing That The Proffered Testimony Is Material To His Defense**

The Court should deny the Motion because it fails to establish that the proposed deponent's testimony is material to Shi's defense. To obtain a deposition, the moving party must provide the court with "a sufficient proffer that the depositions could have provided testimony that would have been material to their defense." *United States v. Thomas*, 62 F.3d at 1341. In *Ramos*, the Eleventh Circuit explained that "[s]uch a proffer may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded." *Ramos*, 45 F.3d at 1523. The *Thomas* court, in evaluating the strength of the defendants' proffer, found denial proper where it would only be "marginally more probative on the issue of their intent" than the evidence available at trial.

Here, Shi fails to meet the materiality standard for two reasons. First, his testimony is not material because even if true, Shi still lied on his 2014 visa application that he personally filled out the application, that he did so without aid of a preparer, and that he was certifying that all facts contained therein were true and correct. Second, the proposed testimony is not material because Shi does not challenge that the underlying visa application is authentic. At best, Mr. Fan's testimony is an attenuated version of what Ms. Hou proposes to say, that Shi could not have

submitted the application in Guangzou. But it does not matter where Shi submitted the application. What matters is that the application was false, that Shi knew it was false, and that he certified that it was true. Fan's testimony does nothing to disturb those conclusions.

### C. Countervailing Factors Suggest That Taking The Proposed Depositions Would Be Unjust

Finally, the Court should deny the Motion because even apart from Shi's failure to proffer facts establishing unavailability and materiality, countervailing factors make his requested relief unjust and undermine the prospects for a fair trial. The list of issues concerning the logistics and timing of the proposed depositions that the Motion fails to address is long and concerning, raising significant questions as to whether they can be administered fairly and without prejudicing the Government. First, the manner of the proposed depositions—*i.e.* by video even though Rule 15 contemplates that they be "taken and filed in the same manner as a deposition in a civil action" and conducted in person. Fed. R. Crim. P. 15(e)(2); *see United States v. Khan*, 2012 U.S. Dist. LEXIS 188320, at *10 (S.D. Fla. Nov. 2, 2012) (allowing video depositions where the deponents were in Pakistan and where extraordinary safety concerns existed but stating that "[a]ll things being equal, the Court would prefer that both government and defense attorneys be able to travel to the deposition room."). The Government has significant concerns about the fairness of holding these depositions by video, not an ideal format to conduct a cross-examination of a witness let alone a cross-examination of a witness through a translator, and the Court has no record on which to evaluate why they cannot be conducted in person.

Second, the timing of the proposed depositions does not weigh in Shi's favor. Both case law and the advisory committee's notes to Rule 15 make clear that "both the moving party's diligence and the timing of the prospective depositions are relevant considerations to be weighed

under Rule 15(a)." *Drogoul*, 1 F.3d at 1556. We are now five weeks from when the initial motion was filed, and the trial date has already been continued in part because of the need to address these motions and the lengthy time it would take to carry out the requested relief. The defense has not explained how it can accomplish these depositions and the resulting litigation over their admissibility in a manner that will allow full and fair participation by both sides and conclude in time for trial.

Third, reliability, efficiency, and safety. The witness will not be subject to penalty of perjury for testimony in China, and beyond that, how will Government attorneys be able to travel to that country quickly and safely? Where specifically within China does Mr. Fan live and how easy and safe is it to reach him? How will the Defendant arrange an interpreter and court reporter, and will there be audio and video recording to at least preserve some semblance of credibility judgment for the jury? These are some of the many questions left unanswered by the Motion.

Most importantly, this is a deposition that cannot occur in person given the safety and logistical concerns about a deposition in China. The undersigned does not have authority to travel to China given these concerns, and thus any deposition will necessarily be by video, further prejudicing the Government.

For all these reasons, the Court should deny the Motion. Shi has come woefully short of establishing extraordinary circumstances in favor of granting the proposed depositions.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Shi's Motion to Take Depositions Outside the Country.

                              Respectfully submitted,

                              JUAN ANTONIO GONZALEZ
                              UNITED STATES ATTORNEY

By:    /s/ *Will J. Rosenzweig*
        Will J. Rosenzweig
        Assistant United States Attorney
        U.S. Attorney's Office – SDFL
        Court ID No. A5502698
        99 NE 4th Street, 6th Floor
        Miami, Florida 33132
        Tel: (305) 961-9403
        Email: Will.Rosenzweig@usdoj.gov