UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,
    a/k/a LONG NIU,

    Defendant.
_____/

**UNITED STATES OF AMERICA'S REPLY IN OPPOSITION
TO DEFENDANT JIANXIANG SHI'S RESPONSE IN OPPOSITION
TO THE MOTION OF THE UNITED STATES TO INTRODUCE EVIDENCE OF
OTHER WRONGS UNDER RULE 404(b) INCLUDING SUBSEQUENT TRAVEL
AND THE SUBSEQUENT ISSUANCE OF AN INTERPOL RED NOTICE**

    Defendant Jianxiang Shi's ("Shi" or the "Defendant") Response to the Government's Motion in *Limine* (DE 41) misstates and ignores the core issues of the Government's case. The Government seeks to introduce evidence of Shi's Marshall Islands citizenship under the name "Long Niu," his Marshall Islands passport applications and passports, his February 16, 2017 travel to the United States under that name and nationality, and China's INTERPOL Red Notice against Shi shortly before that travel (collectively, "the Government's Evidence"). Shi asserts that the Government's Evidence is irrelevant and prejudicial. However, to arrive at this conclusion, Shi (1) misstates the Government's need to prove that Shi possessed or used fraudulent visas, not just that the false statements were made; (2) ignores the actions that the Court can take to mitigate prejudice; (3) and ignores that the Government's Evidence can go to state of mind and knowledge even if the conduct occurred subsequent to the charges in this case because it is inextricably intertwined and permissible character evidence under Rule 404(b). Accordingly, the Court should admit the Government's Evidence as relevant, inextricably intertwined, and permissible character evidence.

**I.      THE GOVERNMENT'S EVIDENCE IS RELEVANT AND SATISFIES RULE 403**

    **a.      The Government's Evidence is Relevant**

The Government's Evidence is relevant to the charges in this case as it tends to make more probable Shi's knowledge of the fact that he possessed and used visas obtained fraudulently. Fed. R. Evid. 401. Shi incorrectly asserts that "the date of the alleged crimes are the dates that the two online visa application forms were electronically submitted containing alleged material false statements." (DE 41:4). On the contrary, the Government needs to establish that Shi *possessed* or *used* United States visas that he knew had been procured by means of a false claim or statement. 18 U.S.C. § 1546(a); *Eleventh Circuit Pattern Jury Instructions*, Offense Instruction No. 61 (2021).  The crime is a possessory offense, which is evidenced by the fact that the dates of the alleged crimes are listed in the Superseding Indictment as November 1 to November 2, 2016 (Count 1) and November 5, 2016 (Count 2). The fact that just a month after his November 2016 travel, Shi renewed his Marshall Islands passport on December 1, 2016, and used that passport three months later on February 16, 2017, is highly relevant to the fact that he knew the visas he possessed or used, as charged, were procured by means of false claim or statement. Without that evidence, Shi could simply argue to the jury that he forgot about his Marshall Islands citizenship, which he first obtained decades earlier in 1996 and therefore, he did not know that the visas he possessed or used were procured by a false statement. Moreover, the fact of the Red Notice is relevant to the charges as it further provides evidence of Shi's knowledge of the false statements and his intent and motive to make it.

The cases Shi cites to support his position are distinguishable and do not address the issue the Court needs to decide in this case. Foremost, most of Shi's cited cases refer to a defendant's failure to timely file tax returns. In this case, again, the Government needs to establish that Shi

possessed or used visas procured by false statements, not that he failed to file a required document. Second, Shi's characterization of the issues is inaccurate. For instance, in *Sansone*, the lower court did not exclude evidence of subsequent conduct. *Sansone v. United States*, 380 U.S. 343, 344-45 (1965). In fact, to counter the defense that the defendant's actions were not willful, the court permitted the Government to introduce a statement the defendant made *after* the conduct charged in the case that he intended to pay taxes when he was financially able. *Id*. The Supreme Court upheld the lower court's decision. *Id*. at 353-54. Moreover, the key issue involved in that case centered around whether lessor included offenses were applicable to the charges. *Id*.

Similarly, in *Houser*, the defendant was charged with failing to timely file his tax returns. *United States v. Houser*, 754 F.3d 1335, 1337 (11th Cir. 2014). There, the lower court did not exclude evidence that he subsequently filed his tax return three years later after he learned he was the subject of a criminal investigation. *Id*. at 1342. The court allowed the evidence as proof of the defendant's failure to timely file his tax return. *Id*. The Eleventh Circuit agreed with this reasoning. *Id*. If anything, in the instant case, *Sansone* and *Houser* support the Government's contention that the subsequent conduct is relevant to the charges at issue.

Finally, the other cases Shi cites from other circuits are not comparable to the facts of this case because in those cases, the courts excluded evidence that the *defendant* sought to introduce of subsequent filings as a defense to the charges that he did not timely file his tax returns. *See United States v. Sawyer*, 607 F.2d 1190, 1193 (7th Cir. 1979); *United States v. Ross*, 626 F.2d 77, 81 (9th Cir. 1980); and *United States v. Ming*, 466 F.2d 1000, 1005 (7th Cir. 1972). In those cases, the date of filing is intrinsic in the crime; therefore, the courts concluded that filing tax returns years later is not a defense to untimely filing. Here, the Government's Evidence is affirmative

evidence that tends to prove Shi possessed or used the charged visas with knowledge that they were fraudulently procured.

### b. The Probative Value of the Government's Evidence Substantially Outweighs Prejudice, Cumulativeness, or Confusion Under Rule 403

The probative value of the Government's Evidence substantially outweighs the danger of unfair prejudice, needlessly presenting cumulative evidence, or confusing the issues. Fed. R. Evid. 403. Shi contends that the Government's evidence is prejudicial. (DE 41:4). However, the Government anticipated this issue and addressed ways to mitigate the danger of unfair prejudice in its Motion in *Limine*: limiting evidence of the Red Notice, excluding the Red Notice itself, the substance of the charges alleged therein, and evidence of the charges; and a limiting instruction to the jury. Notably, Shi does not directly address these courses of action and why they do not sufficiently mitigate prejudice.

Additionally, Shi claims that the evidence is repetitive and redundant because there are five online visa applications from 2011, 2012, 2013, 2014, and 2016. (DE 41:6). However, this argument again assumes that the crime alleged in this case is the visa applications and not the possession or use of the fraudulently obtained visa itself. While the previous visa applications are relevant to establish that Shi repeated the same lie that he had no other nationalities, it does not establish that he knew he had another nationality. But the Marshall Islands passport and travel under "Long Niu" does just that; therefore, the Government's Evidence is not cumulative. Lastly, Shi makes the bare assertion that the Government's Evidence will cause confusion. *Id*. However, he does not elaborate or provide any support for his position. Thus, there is no basis to believe that the Government's Evidence will confuse issues for the jury.

## II. THE GOVERNMENT'S EVIDENCE IS INRINSICALLY INTERTWINED, *RES GESTAE* EVIDENCE AND PERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404(B) EVEN THOUGH IT INCLUDES SUBSEQUENT CONDUCT

Shi's contention that the Government's Evidence comes *after* the charged conduct ignores the intrinsically intertwined/*res gestae* doctrine, as well as and Rule 404(b). Under the intrinsically intertwined doctrine, it does not matter that the evidence comes after the charged conduct if it (1) "arose out of the same transaction or series of transactions as the charged offenses, (2) necessary to the complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses." *See United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015) (internal quotations omitted). Further, it does not matter if the evidence comes after the charged conduct if it goes towards knowledge, motive, and intent. *See* Fed. R. Evid. 404(b)(2); *United States v. Terebecki,* 692 F.2d 1345, 1349 (11th Cir.1982) ("A subsequent act, as well as a prior act, can be used to show intent under Rule 404(b).") *(citing United States v. Webb,* 625 F.2d 709, 710 (5th Cir.1980)).

Here, the Government's Evidence is both inextricably intertwined with the charges in this case and permissible character evidence, as elaborated in the Government's Motion in *Limine*. Still, Shi argues that the Red Notice and Shi's travel as "Long Niu" is not relevant to his state of mind when he made the fraudulent statements on his visa applications. (DE 41:6). However, Shi has held his Marshall Islands citizenship since 1996 and Shi's travel as "Niu" shortly after he possessed or used the fraudulently obtained visas charged in this case goes to his knowledge of his alias. Thus, it is inextricably intertwined and relevant to his state of mind, knowledge, and intent when making the false statements. Further, the Government intends to argue that even though China issued the Red Notice after the false statements, common sense dictates that the investigation leading up to the Red Notice occurred prior to the issuance of the notice. Therefore,

5

the Red Notice still has bearing on his state of mind, knowledge, intent, and motive. This does not prevent Shi from arguing the contrary to the jury, but this argument should go towards the weight the jury gives the evidence, not the admissibility of it.

### III.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant the Government's Motion in *Limine* and admit the Government's Evidence.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    /s/ *Nardia Haye*
Nardia Haye
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502738
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9326
Email: Nardia.Haye@usdoj.gov