UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,
    a/k/a "Long Niu,"

    Defendant.

                                          /

**UNITED STATES OF AMERICA'S MOTION IN *LIMINE* TO
EXCLUDE EVIDENCE AND ARGUMENT REGARDING CHINA'S
AUTHORITARIAN GOVERNMENT AND HUMAN RIGHTS ABUSES AND
ARGUMENT REGARDING THE DEFENDANT'S GOOD CHARACTER**

      The United States of America hereby files this Motion in *Limine* to exclude evidence regarding the Chinese Government's authoritarian nature and to exclude evidence of Defendant Jianxiang Shi's ("Shi" or the "Defendant") good character, good acts, and prominent or celebrity connections and associations. As explained in the Government's Motion to Exclude the Defendant's proposed expert (DE 60), evidence regarding the nature of the Chinese government, its history of human rights violations or other noxious practices, and efforts that Shi and/or other prominent businessmen may take or have taken to evade them are utterly irrelevant and wildly prejudicial to the Government's case on these visa fraud charges. The Eleventh Circuit has repeatedly upheld the exclusion of such a necessity or duress defense when raised, as Shi tries to do here, as a defense to immigration related charges.

      The Government files this additional motion because the Defendant's response to that prior motion (DE 67) makes clear that apart from any proposed expert testimony, Shi intends to present testimony about these practices, and such testimony, too, would be improper. Testimony about

these irrelevant issues, expert or otherwise, violates the rules of evidence and would distract the jury from the straightforward issue it must decide: whether Shi lied on two visa applications.

Separately, the Defendant's filed Exhibit List (DE 68), and the exhibits themselves which defense counsel has provided to the Government, make clear that he intends to introduce significant evidence of his good character, good acts, and prominent connections to negate his fraudulent state of mind. Such evidence is plainly irrelevant and improper character evidence and should be excluded.

I.   **BACKGROUND**

   A.   **Shi's Proposed Justification or Duress Defense Regarding Chinese Human Rights Violations**

As summarized in the Government's Motion to Exclude Expert Testimony (DE 60), the Defendant disclosed that he intended to call an expert to testify, in part, that: (1) the "Chinese government and Chinese Communist Party (CCP) are dictatorial, autocratic and non-democratic institutions" that often violently target successful Chinese businessmen, and (2) that "acquisition of dual or multiple citizenship [sic] and obtaining a foreign passport to escape from human right violations is a well known practice among Chinese entrepreneurs" (DE 60-1, Ex. B). In its response to that Motion, the Government argued that such testimony is irrelevant and overly prejudicial in this visa fraud trial.

On July 27, the Court granted in part and denied in part the Government's prior Motion *in Limine* (DE 38) seeking to admit the Defendant's post-conduct travel and the issuance of an INTERPOL Red Notice against him. The Court's Order excluded evidence regarding the Red Notice under Fed. R. Evid. 403, finding that its prejudicial effect outweighed its probative value (DE 64).

2

After that ruling, the Defendant filed his response to the Government's Motion to Exclude Expert Testimony (DE 67), relying in part on the Government's now-defunct attempt to admit the Red Notice and making clear that apart from expert testimony, the defense would advance the theory through Shi and/or other sources that the Defendant obtained his Marshall Islands citizenship and passport to evade persecution at the hands of China's government. Specifically, the Defendant wrote:

> Defendant intends to offer evidence, including expert testimony, to explain why the Marshall Islands passport was used [in February 2017]. The passport was used to avoid capture, persecution, torture, long term imprisonment without due process of law, and possible execution by the communist government of China…. This testimony is relevant and material to understanding Defendant's state of mind and decision to travel to the United States on a Marshall Islands passport **AFTER** the Chinese Communist Party and Shanghai Economic Police threatened Defendant's life, safety, and freedom

(DE 67:8 (emphasis in original)). Beyond more fully stating the character of this irrelevant defense theory, this argument makes clear that the Defendant intends to offer both expert *and* substantive evidence through fact witnesses to advance that theory (*see id.* ("Defendant intends to offer evidence, *including* expert testimony…) (emphasis added)).

    **B.**    **Shi's Exhibits Regarding Good Acts and Character**

Separately, the Defendant has made clear through the exhibits he intends to introduce at trial that part of his defense will be to negate the Government's case regarding his fraudulent intent through evidence of his good character, good works, and positive association with luminaries, celebrities, and others of perceived high character. In his amended exhibit list (DE 68), the Defendant has included the following categories of evidence he seeks to introduce at trial: (1) Evidence of the Defendant's business appointments, prominence, and experience (*see* Ex. A, X, AM–AN); (2) evidence that the Defendant has been recognized as a scholar and a good Samaritan

(*see* Ex. Z–AB, AF–AG); and (3) evidence regarding the prominent and celebrity associates of the Defendant (*see* Ex. M–W, Y, AC–AD). Defense counsel has provided copies of these exhibits to Government counsel, which confirm the accuracy of the exhibit list's descriptions and crystalize the Defendant's purpose in offering them as evidence—they make Shi look like a prominent businessman, a respected member of the global elite, and an all-around good guy who would never deign to lie on his U.S. nonimmigrant visa applications. For example, Shi seeks to introduce a picture of him receiving a "Certificate of Award from Hurun Report (name in Chinese), Ranked as Shanghai's Most Generous Person" (Ex. AF), a picture of "SHI At Prince Charles' Official Residence Receiving A Gift of Dragon from Prince Charles[,] 10/21/2015" (Ex. Y), and evidence of "SHI's Speech, Book Signing Ceremony, and Receiving Appreciation at the University of Cambridge[,] 10/23/2015" (Ex. Z). For the reasons stated below, such evidence and argument are improper and irrelevant.

## II.  LEGAL ANALYSIS

### A.  Justification and Duress Evidence Regarding China's Government and Human Rights Violations Should be Excluded as Irrelevant and Overly Prejudicial

"The starting place for evidentiary admissibility is relevance." *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). The Federal Rules of Evidence define relevant evidence as "evidence that has any tendency to make a fact more or less probable…and…the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) ("District courts may admit relevant evidence, which is evidence that has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence") (internal quotations and citations omitted). But the fact evidence tends to make a fact more or less probable is not the linchpin in determining

admissibility— rather admissibility turns on whether the evidence tends to prove a material or consequential fact in the action. *See* Fed R. Evid. 401; *see also United States v. Leonard,* 4 F.4th 1134, 1147 (11th Cir. 2021) ("[E]vidence is only relevant—and therefore admissible—if it is probative of a material fact.") (citing *United States v. McGregor*, 960 F.3d 1319, 1324 (11th Cir. 2020)). Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by its risk of unfair prejudice. Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Further, to establish a duress defense, "a defendant must show that he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or inform [the] police." *United States v. Wattleton*, 296 F.3d 1184, 1196 n.20 (11th Cir. 2002). The "requirement of immediacy of the threat is a rigorous one in which fear of future bodily harm to one's self or to others will not suffice." *Id*. (internal citations omitted).

Similarly, the defense of necessity or justification is an affirmative defense to some criminal statutes, and, if available, the defendant bears the burden of proving the defense by a preponderance of the evidence. *United States v. Dicks*, 338 F.3d 1256, 1257 (11th Cir. 2003) (per curiam). There does not appear to be Eleventh Circuit case law permitting a defense of necessity or justification to visa fraud. But, concerning the charge of illegal re-entry, a similar context to the charges here, the Eleventh Circuit has held that a defense of necessity "would require the defendant to show, among other things, that he 'had no reasonable legal alternative to violating the law.'" *Id*. at 1258 (quoting *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir.2000)). The Eleventh Circuit, for example, affirmed the exclusion of a necessity defense in an illegal re-entry case where

5

the defendant wanted to prevent evidence that country conditions in Columbia were deplorable, finding that: "In general, petitioning the Attorney General for re-entry is a viable and reasonable legal alternative to illegal re-entry." *Id*.

Here, the Defendant's proposed testimony—whether via expert or fact witness, including from the Defendant himself—regarding China's human rights record, its authoritarian government, or the reasonableness of a prominent Chinese businessman obtaining other nationalities and travel documents to evade potential persecution is utterly irrelevant to the facts at issue in this case. The evidence at trial will show that the Defendant obtained Marshall Islands citizenship in 1996 and maintained an active passport from that time through the fraudulent visa applications at issue in this case and beyond. The Government alleges that the Defendant's claims on those visa applications that he had no "other names used" and no other "nationalities" were knowingly false, and part of the evidence for that charge is that the Defendant knowingly and continuously maintained an alias and Marshall Islands nationality from 1996 through the time of those two visa applications. The Government will also prove (as allowed by this Court in DE 64), that shortly after his 2016 false statements, he traveled under the alias, further establishing his knowledge of the alias at the time he made those false statements.

The Defendant argues that his proposed evidence "is relevant and material to understanding Defendant's state of mind and decision to travel to the United States on a Marshall Islands passport **AFTER** the Chinese Communist Party and Shanghai Economic Police threatened Defendant's life, safety, and freedom" (DE 67:8 (emphasis in original)). But that question is fundamentally not at issue in this case. What matters is Shi's state of mind *at the time he made* the false statement. *That* is the reason the Government seeks to admit evidence of the Defendant's Long Niu travel—his travel on that identity so soon after making the statement that he had no other names is highly

probative of his knowledge of the statement's falsity when he made it. Otherwise, the Defendant's theory regarding China's abuses is simply an emotional appeal to sympathy and outright jury nullification. If the Defendant believes this evidence is relevant to explain his state of mind after the fact and not at the time the applications were made (and how could it do the latter?) then it offers nothing to exonerate him except to say, in essence, that he committed U.S. visa fraud for a good reason. This argument is improper and inadmissible.

Furthermore, the Defendant cannot establish a duress or justification defense to visa fraud. Even if such a defense did exist, the availability of alternate means of addressing such duress, including through the asylum process, defeats any such claim. Here, there is no evidence that the Defendant had no other alternative but to commit visa fraud to save himself from immediate death or serious bodily injury. The Court should not allow the Defendant to lead the jury down this improper path.

> **B.  The Court Should Exclude Shi's Exhibits And All Evidence Regarding His Good Character and Associate with Famous and Reputable People**

Generally, evidence of a "person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Specific exceptions exist, however, such as evidence of a defendant's pertinent trait. Pertinent, in turn, is synonymous with relevant, and, therefore, the character trait proffered should be relevant to the elements of the charged offense.

When seeking to elicit a pertinent trait of a defendant, the defendant may do so only "by testimony about the person's reputation or by testimony in the form of an opinion," Fed. R. Evid. 405(a). Therefore, "defense counsel may ask a witness who has heard about the defendant's reputation for the pertinent character trait. Defense counsel may also ask a witness who knows the

defendant to give his opinion of the defendant's character as it relates to the pertinent trait." *United States v. Hough*, 803 F.3d 1181, 1191 (11th Cir. 2015).

However, "[e]vidence of good conduct is not admissible to negate criminal intent." *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (citing *Michelson v. United States*, 335 U.S. 469, 477, 69 S.Ct. 213, 219, 93 L.Ed. 168 (1948); *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir.1983)). Moreover, "[s]pecific instances of conduct are inadmissible as character evidence" to prove action in conformity with a defendant's character or trait. *United States v. Ellisor*, 522 F.3d 1255, 1271 n.22 (11th Cir. 2008); *see* Fed. R. Evid. 404(b)(1). Consequently, since "[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant," *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978), "a defendant is not permitted to portray [himself] as a good character through the use of prior good acts." *Camejo*, 929 F.2d at 613 (11th Cir. 1991) (internal quotations omitted). *See United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions.").

The Defendant's evidence regarding his good character, good acts, prominent honors and positions, and his reputable friends and acquaintances is classic "good character" evidence that the Eleventh Circuit has held inadmissible time and again. What could possibly be the basis for showing that Shi met Barack Obama at the White House (Ex. N) or that he was a guest at the film "The Expendables 4['s] signing ceremony" (Ex. Q), other than to show that Shi is the kind of man who wouldn't or doesn't need to commit visa fraud? That Shi repeatedly traveled to the United States is not at issue. The question here is whether he lied to do so. Such evidence is irrelevant and improper in providing an answer.

Pursuant to Local Rule 88.9, counsel for the United States has conferred with counsel for the Defendant on this matter, who indicated that he opposed the relief requested herein.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant the Motion and exclude evidence and argument regarding China's government, its human rights abuses, and the travel and visa practices of Shi in response to them. The United States also requests that the Court grant the motion and exclude evidence regarding Shi's good character and prominent and positive associates and associations.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s/ *Will J. Rosenzweig*
Will J. Rosenzweig
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502698
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9403
Email: Will.Rosenzweig@usdoj.gov