UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-GAYLES(s)

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI
    a/k/a "Long Niu,"

        **Defendant.**
_____/

## GOVERNMENT'S MOTION TO ADMIT STATEMENTS OF COUNSEL

As the Supreme Court and the Eleventh Circuit have found, when counsel for Jianxiang Shi ("Shi") "speaks in Court, whether it be [i]n a formal trial or in an informal pretrial, he speaks for and as [Jianxiang Shi]." *Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948, 953 (5th Cir. 1959). As a result, factual assertions made by counsel for Shi, made both orally and in writing, should be admissible against Shi as non-hearsay admissions of a party opponent.

**I.    BACKGROUND**

Throughout this litigation, trying to pin down Shi's defense theory has been like trying to nail jello to a wall. Admittedly, a criminal defendant is not required to signal his theory of defense, or to have such a theory at all. However, as courts in this circuit and others have consistently held, "A party [] cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984). Here, given the various and often contradictory pretrial filings made by the Defendant, there exists an unusually high probability that the defense at trial will take positions in tension with those advanced in earlier pleadings. For that reason, the

Government files this Motion to admit the following factual statements made by counsel on behalf of the Defendant in this litigation as non-hearsay statements of a party opponent.

- "Defendant Shi traveled to Las Vegas, Nevada with a passport issued by the Republic of the Marshall Islands. At the time, no visa was required to be presented to enter the United States with a passport issued by the Republic of the Marshall Islands" (DE 36:2);

- "[A]n application for a B1/B2 visa to visit the United States…was prepared and submitted on August 13, 2014. The application was based upon Mr. Shi's Hong Kong passport which was issued on May 1, 2014. The application was prepared online on a computer and was submitted to the United States electronically. Mr. Shi does not speak or read English. As a result, Mr. Shi requested Qian Hou to complete and submit the visa application for him. Qian Hou received Mr. Shi's Hong Kong passport by express mail. Using the passport, Ms. Hou completed the visa application on August 13, 2014 and caused it to be submitted electronically from the Guangzhou, China area to the United States. After the application had been submitted, Ms. Hou mailed Mr. Shi's Hong Kong passport back to Mr. Shi" (DE 36:2–3);

- "Ms. Hou answered the questions on the visa application. Mr. Shi did not answer any of the questions. He was away on business at the time the application was prepared and submitted. Qian Hou had met Mr. Shi in 2008. A short time thereafter, Ms. Hou became Mr. Shi's companion. They spent a significant amount of time together. Ms. Hou often traveled with Mr. Shi. In or about 2012-2013, Ms. Hou applied for and received a Hong Kong passport. On May 1, 2014, Mr. Shi applied for and obtained a Hong Kong passport. As part of this process Mr. Shi's passport from China was cancelled. Ms. Hou's first language is Chinese. She also speaks some English. When Ms. Hou answered the questions on the visa application she used the google translator on her cellphone to assist her" (DE 36:3);

- "In the portion of the application entitled "Preparer of Application" the form asks: 'Did anyone assist you in filling out this application?' Ms. Hou answered 'NO' because no one had helped her" (DE 36:4);

- "In or about July 2016, while in Canada, Mr. Shi began searching for a new personal assistant. Mr. Shi was introduced to Mindy Wang. Ms. Wang had lived in China from 1983 until 2005 and had graduated from a college located in Shanghai. Mindy Wang got the position of personal assistant, but ultimately became Mr. Shi's companion. Mindy Wang spoke Chinese fluently. However, she did not speak English well and could not read English. During this period of time, Mr. Shi had another assistant named Lucy Wu. Lucy Wu could read and speak English fluently. However, she did not read and speak Chinese well" (DE 36:4);

- "On or about September 12, 2016, Mr. Shi requested Lucy Wu and Mindy Wang to prepare and submit a B1/B2 visa application for him to travel to the United States

2

- in or about November 2016. Mr. Shi provided Lucy Wu with his Hong Kong passport and his St. Kitts and Nevis passport to prepare the application. Mr. Shi did not participate in the preparation of the visa application. Lucy Wu prepared the application with Mindy Wang's assistance. The visa application was submitted electronically from the Vancouver area" (DE 36:5);

- "In 1996, Mr. Shi had obtained a Marshall Islands passport under the name Long Niu. The name Niu was Mr. Shi's mother's maiden name. Mr. Shi applied for citizenship and a passport in the Marshall Islands in case of an emergency. Mr. Shi understood that many successful businessmen obtained an emergency passport, in part, because the Chinese communist government had a reputation for human rights violations against successful businessmen. Luckily, for years Mr. Shi never had the need to use the passport. For 20 years, from 1996 through 2016, Mr. Shi never used the Marshall Islands passport and never used the name Long Niu" (DE 36:6);

- "On or about February 16, 2017, Mr. Shi determined that he would have to start using his Republic of the Marshall Islands passport to avoid being tracked and threatened by the Shanghai Police" (DE 36:6–7);

- Mr. Fan's testimony is that he was Mr. Shi's driver on August 6, 2014 and that both he and Mr. Shi were in Shanghai (DE 40, ¶ 15);

- "During the period of time commencing in 2006 through 2016, Mr. Shi traveled to the United States on approximately ten occasions" (DE 41:3);

- "Mr. Shi never used the Marshall Islands' passport until February 16, 2017. At that time, Mr. Shi traveled from South Korea to Las Vegas, Nevada using the Marshall Islands' passport" (DE 41:4).

While the relevancy of many of these statements may depend on what positions Shi and his counsel take at trial, many others are admissions of core elements of the government's case and go to establishing the elements of the charged conduct and are clearly relevant and admissible.

## II.   LAW AND ARGUMENT

Defense counsel's representations are the representations of his client. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.");

*see also Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948, 953 (5th Cir. 1959) ("When [an attorney] speaks in Court, whether it be [i]n a formal trial or in an informal pretrial, he speaks for and as the client."). More recently, the Eleventh Circuit found defense counsel's statement at a bond proceeding that his client had an interest in certain property to be evidence that his client did indeed have an interest in that property. *See United States v. Javat*, 2022 WL 703940, *4 (11th Cir. Mar. 9, 2022). Here, statements of Shi's counsel are similarly the statements of Shi and admissible at trial.

Nothing about this outcome is inconsistent with the Federal Rules of Evidence, given that any factual statements made by Shi (a party opponent) through his attorney are admissible non-hearsay because they were made by Shi's attorney, acting as his agent, during and within the scope of the principal-agent relationship. *See* Fed. R. Evid. 801(d)(2)(C) & (D) (statement is not hearsay if offered against an opposing party and "was made by a person whom the party authorized to make a statement on the subject; or was made by the party's agent or employee on a matter within the scope of that relationship and while it existed").

In *United States v. Naranjo*, this court held that "a position or assertion taken in an opening statement can be binding upon that party," 662 F. Supp. 874, 874 (S.D. Fla. 1987). The *Naranjo* court quoted with approval the Second Circuit's holding in *United States v. McKeon*, that "'statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." 738 F.2d at 30. That's why the Eleventh Circuit and other courts have held that statements by a defendant's lawyer in other proceedings related to the facts of the current case, let alone statements made within the same case, are admissible non-hearsay. *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (holding that lawyers have implied authority

4

to speak outside of court on matters related to the litigation); *see also United States v. Gordon*, 754 F. App'x 171, 177 (4th Cir. 2018) ("factual admissions made by Gordon through his bankruptcy lawyer…are admissible non-hearsay because they were made by Gordon's attorney, acting as his agent, during and within the scope of the principal-agent relationship); *United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986) ("Generally, statements by an attorney concerning a matter within his employment may be admissible against the retaining client."); *United States v. Parsons*, 646 F.2d 1275, 1277–78 (8th Cir. 1981) (admitting bankruptcy petition prepared by attorney against the retaining client in a criminal proceeding).

The reason for seeking admission of these statements is twofold. First, many of these statements are admissions that advance the Government's case on elements of the charged offenses. Second, at various times in this litigation, Shi appears to be advancing the following contradictory, or at least inconsistent, theories: (1) Shi does not speak English and so he hired two separate preparers to help him with those applications; (2) the people who helped him weren't listed preparers on those applications for various reasons; (3) the preparers couldn't actually speak English all that well, so they enlisted yet others to help them; (4) Shi actually did not make a false statement about his name because he views the Long Niu name to be an extension of his legal name; and (5) Shi obtained the other identity to help him evade persecution at the hands of the Chinese Government. Given this array of contentions, the Government must be allowed to use the Defendant's prior statements if necessary to point out any inconsistencies or changes in his arguments and evidence at trial.

Pursuant to Local Rule 88.9, counsel for the United States has conferred with counsel for the Defendant on this matter, who indicated that he opposed the relief requested herein.

### III. CONCLUSION

For the reasons stated above, the Court should permit the Government to admit Shi's statements in prior pleadings as substantive evidence and impeachment material, if necessary.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Will J. Rosenzweig*
Will J. Rosenzweig
Assistant United States Attorney
Court ID No. A5502698
U.S. Attorney's Office - SDFL
99 N.E. 4th Street, Suite 600
Miami, FL 33132-2111
Telephone: (305) 961-9403
Email: will.rosenzweig@usdoj.gov