UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-Gayles

UNITED STATES OF AMERICA

vs.

JIANXIANG SHI,

    a/k/a "Long Niu,"

    Defendant.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Similar Acts Evidence
## (Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, or the Defendant committed the acts charged in the indictment by accident or mistake.

## Introduction to Offense Instructions

The superseding indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly possessed a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a United States nonimmigrant visa, knowing that it had been procured by means of a false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

Count 2 charges that the Defendant knowingly possessed and used a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a United States nonimmigrant visa, knowing that it had been procured by means of a false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

## Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the superseding indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## Possession or Use of False Visa
## 18 U.S.C. § 1546(a)

It's a Federal crime to knowingly possess or use a false or counterfeit visa or other document required for entry into the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed or used a nonimmigrant visa required for entry into the United States, as charged; and

(2) The Defendant knew that the nonimmigrant visa had been procured by means of a false claim or statement; and

(3) The false statement or claim was material.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue.

A "material fact" is an important fact – not some unimportant or trivial detail – that has natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

To "use" a document is to show it to someone else.

## Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## On or About a Particular Date; Knowingly

You'll see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## Caution: Punishment
### (Single Defendant, Multiple Counts)

Each count of the superseding indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the superseding indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.