UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20421-GAYLES(s)

**UNITED STATES OF AMERICA**

vs.

**JIANXIANG SHI,**
    a/k/a "Long Niu,"

       **Defendant.**
_____/

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this sentencing memorandum and states:

**I.**     **SENTECING SUBMISSION**

The United States hereby asks this Court to sentence Defendant Jianxiang Shi (the "Defendant") to twenty (20) months' imprisonment. The United States agrees with the U.S. Probation Office that the Defendant's guidelines are 6 to 12 months. However, the Government moves for an upward variance based on the factors listed in 18 U.S.C. § 3553(a). Specifically, the Defendant's long history of lying to United States consular affairs officers, his misuse of the United States visa process to evade criminal charges pending against him in China, and the various allegations of fraud made against him in the United States since his arrival here warrant a more severe sentence.

**II.**     **STATEMENT OF FACTS**

As this Court has had the benefit of extensive briefing and a trial of this matter beginning on August 2, 2022, the Government keeps this statement of facts brief. The Defendant was charged by Superseding Indictment on two counts of visa fraud, in violation of 18 U.S.C. §1546(a). At

trial, the United States established that the Defendant submitted non-immigrant visa applications in August 2014 and September 2016, that those visa applications contained several lies, and that the Defendant traveled to the United States possessing and/or using those visas on the dates alleged in the Superseding Indictment. The United States also introduced significant evidence of the Defendant's knowledge that the two visas had been procured by fraud, including: (1) that the visas were in his name; (2) that the online application was capable of translation into Chinese; (3) that there were no listed preparers on the 2014 application and that the 2016 preparer necessarily would have communicated with the Defendant to provide the detailed information in the application; (4) that the Defendant was a sophisticated businessman and international traveler who had submitted many prior visa applications with the same lies, both with and without listed preparers; (5) that other details in his visa applications were correct and changed over the years, but not the lies about other names and nationalities; (6) that the Defendant personally appeared for interviews in his native language at U.S. consulates regarding his visa applications; and (7) that the Defendant actively maintained his secret identity for two decades before strategically deploying it when needed. On August 4, 2022, the jury returned a verdict of guilty on both Counts 1 and 2.

On September 30, 2022, the U.S. Probation Office issued its Final Presentence Investigation Report ("PSI"). The PSI reflects that although the Defendant has a Criminal History Category I, he has been extensively involved in criminal activity in China, Canada, as well as in the United States since his illegal arrival here in February 2017. First, the PSI details how Shi was convicted in China of "hooliganism"; in essence of physically threatening and assaulting a victim to coerce him into writing an "IOU" that could be redeemed for payment (PSI ¶ 52). Shi served three and a half years in prison for this offense (*Id*.). Second, Shi has been formally accused by China of the "crime of illegal fundraising by fraudulent means" for his leading role in a massive

financial fraud scheme. Specifically, the charging documents, which support China's lodging of an INTERPOL Red Notice for the Defendant's provisional arrest and extradition to China, detail how Shi made false representations and fabricated financial claims, debts, and guarantees to defraud investors out of approximately $386,880,453 (*Id*. at ¶¶ 18–26, 54). The evidence at trial and in the PSI show that it was precisely this criminal charge and the resulting Red Notice in January 2017, that caused Shi to enter and remain in the United States illegally under the assumed "Long Niu" name, a central part of the offenses charged in this case and a core part of the evidence at trial.

Third, the evidence contained in the PSI and a DSS interview report detail how Shi committed marriage fraud in Canada with any eye toward Canadian citizenship (PSI ¶¶ 64–65). Fourth, upon arriving in the United States, Shi has continued his lifelong commitment to financial fraud, creating a fraudulent investment scheme surrounding the company "Fight to Fame" that is under investigation by the FBI and the Eastern District of New York (PSI ¶¶ 29–35). The scheme involved false misrepresentations and claims about the company's cryptocurrency token in attempt to lure investors, including claiming that "Fight to Fame" had more users than Bitcoin, claiming that specific celebrities who were not involved in "Fight to Fame," had endorsed it or were involved in the project, that Visa and Mastercard were involved in the project, and that it would be "impossible" for investors to lose money (*Id*.). Separately, the Defendant and the companies he controls have been sued civilly for fraud and other claims since his time residing illegally in the United States (*Id*. at ¶¶ 88–89). Among the allegations in those lawsuits is the contention that the Defendant acted to "conceal his wealth from prior creditors and/or state authorities, and, further, he does not wish to be personally liable for the wrongdoings of the [e]ntities" sued (*Id*. at ¶ 89).

**III.     ARGUMENT**

After the Court calculates and applies the advisory sentencing guidelines, it should exercise its discretion and impose an upward variance in light of the factors enumerated in 18 U.S.C. § 3553(a). "[D]ecisions to vary 'may attract greatest respect when the sentencing judge finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply.'" *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)); *see also United States v. Sotolongo*, 343 F. App'x 482, 483 (11th Cir. 2009) ("A district court may impose a variance if it determines that 'the case at hand falls outside the heartland to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless.'") (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

In calculating a variance, the Court may impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a). The Court must consider, inter alia, the following factors: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant" and "(2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[.]" *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

This is precisely a case falling outside the "heartland" of visa fraud cases, and thus one that requires additional punishment than that contemplated in § 2L2.2, thereby warranting an upward variance. First, although the Defendant has a criminal history category I, he has an extensive record of criminal activity that the Court should consider when deciding on an appropriate sentence. To begin with, the Defendant has a foreign criminal conviction that does not enter the criminal history computation. Moreover, he is wanted in China for perpetrating a multimillion-dollar investor fraud scheme in China with thousands of victims and which lead to the issuance of a Red Notice against him and has continued to engage in fraud since coming to the United States.

Second, the Defendant's actions in this case were motivated by escaping responsibility for a widespread, multimillion dollar financial fraud in China. In late 2016, he became aware that he was under investigation for those acts by the Chinese government and responded by attempting to obtain Canadian citizenship through a fraudulent marriage and by flying into and out of the United States with a fraudulently obtained B1/B2 visa. He then returned to the United States under the alias "Long Niu," which he previously hid from the U.S. Government on his visa applications in order to escape detection and arrest on the Red Notice issued one month before. In other words, without the crimes he committed in this case, the Defendant would not have been able to escape punishment for his crimes in China.

In sum, this case is simply not the run-of-the-mill visa fraud case where a foreign national lies to enter this country so that he can obtain work and reap the benefits of life in America. Cases such as that are routinely fast-tracked and are adequately reflected by the relatively low offense levels provided for in § 2L2.2. Here, however, the Defendant is a lifelong criminal who abused this country's visa process for years to preserve an escape plan should his other criminal behavior

get him into too much trouble at home. The Court should take these factors into account and vary upward.

## IV. CONCLUSION

For the above reasons, the United States respectfully requests that the Court impose a sentence of 20 months' imprisonment.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Will J. Rosenzweig*
Will J. Rosenzweig
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502698
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9403
Email: Will.Rosenzweig@usdoj.gov